Timothy Seaver
Alaska Bar No. 9711092
Seaver & Wagner, LLC
500 L Street, Suite 501
Anchorage, AK 99501
phone: 907-646-9033
fax: 907-276-8238
email: tseaver@seaverwagner.com

Andrew M. Lebo
Alaska Bar No. 9011106
425 G Street, #920
Anchorage, AK 99501
phone: 907-276-8275
fax: 907-278-4848
email: amlebo@juno.com

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| LAWRENCE McCOY, DONALD MEANY, RICHARD PATTERSON, GARY QUARLES, LAWRENCE SHUE, and STEVE WILLIAMSON, <br><br> Plaintiffs, <br><br> v. <br><br> NORTH SLOPE BOROUGH, <br><br> Defendant. | Case No. <br><br> **COMPLAINT** <br> (29 U.S.C. § 201, <br> 29 U.S.C. § 251) |

Plaintiffs Lawrence McCoy, Donald Meany, Richard Patterson, Gary Quarles, Lawrence Shue, and Steve Williamson allege as follows:

**JURISDICTION AND VENUE**

1. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331, and Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

2. This Court has personal jurisdiction over the Defendant, North Slope Borough ("Defendant" or "NSB"), because the Defendant is incorporated as a first class borough under the laws of the State of Alaska.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Defendant is located in this district and because the events giving rise to the claims occurred in this District.

## THE PARTIES

4. The Plaintiffs are all present or former employees of the North Slope Borough.

5. NSB is a first class borough incorporated under the laws of the State of Alaska.

6. At all relevant times, Defendant was an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Defendant employed, and continue to employ, "employee[s]," within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Defendant had gross operating revenues in excess of $500,000.

## FACTUAL ALLEGATIONS

7. Plaintiffs are present and former pilots who are or were employed within NSB's Search and Rescue Department.

8. NSB unlawfully classified Plaintiffs as exempt from overtime payments under the FLSA.

*McCoy et al. v. North Slope Borough*
Complaint
Page 2 of 4
Case 2:11-cv-00001-SLG   Document 1   Filed 04/29/11   Page 2 of 4

9. Plaintiffs worked substantial overtime for which they were not compensated.

## CLAIM FOR RELIEF

## (Fair Labor Standards Act 29 U.S.C. § 201 et seq.,)

10. Plaintiffs reallege and incorporate by reference paragraphs 1 through 9 as if they were set forth again herein.

11. The FLSA requires each covered employer, such as Defendant, to compensate all non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a work week.

12. Plaintiffs worked overtime in excess of forty hours in a workweek for which they were not compensated.

13. By failing to compensate Plaintiffs at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, Defendant has violated, and continues to violate, the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. § 207(a)(1) and § 215(a).

14. By failing to record and preserve records of hours worked by the Plaintiffs, Defendant has failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. § 211(c) and § 215(a).

15. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

*McCoy et al. v. North Slope Borough*
Complaint
Page 3 of 4
Case 2:11-cv-00001-SLG   Document 1   Filed 04/29/11   Page 3 of 4

16. Plaintiffs seek recovery of their attorneys' fees and costs of action to be paid by Defendant, as provided by the FLSA, 29 U.S.C. § 216(b).

17. Plaintiffs seek damages in the amount of their respective unpaid overtime compensation, liquidated damages as provided by the FLSA, 29 U.S.C. § 216(b), interest, and such other legal and equitable relief as the Court deems just and proper.

## PRAYER FOR RELIEF

1. An award of damages and liquidated damages to be paid by Defendant according to proof and in excess of $100,000;

2. Pre-Judgment and Post-Judgment interest, as provided by law;

3. Such other injunctive and equitable relief as the Court may deem just and proper; and

4. Attorneys' fees and costs of suit, including expert fees.

DATED this 27th day of April, 2011, at Anchorage, Alaska.

Attorneys for Plaintiffs

By: S\ *Timothy Seaver*
Timothy W. Seaver
Alaska Bar No. 9711092
Seaver & Wagner, LLC
500 L Street, Suite 501
Anchorage, AK 99501
phone: 907-646-9033
fax: 907-276-8238
email: tseaver@seaverwagner.com

By: S\ *Andrew M. Lebo*
Andrew M. Lebo
Alaska Bar No. 9011106
425 G Street, #920
Anchorage, AK 99501
phone: 907-276-8275
fax: 907-278-4848
email: amlebo@juno.com

*McCoy et al. v. North Slope Borough*
Complaint
Page 4 of 4
Case 2:11-cv-00001-SLG   Document 1   Filed 04/29/11   Page 4 of 4